# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>            Petitioner,<br><br>     v.<br><br>TULARE COUNTY SHERIFF DEPARTMENT,<br><br>            Respondent.<br>_____/ | CV F   06-0234 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 7] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 1, 2006.  Petitioner filed a first amended petition on March 23, 2006, and a second amended petition on April 6, 2006.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the instant petition, although Petitioner did not fill out the part of the petition listing his grounds for relief, Petitioner does indicate that he is currently awaiting trial on criminal charges in the Kern County Superior Court.[1] Petitioner states that he is being subjected to false charges, false imprisonment, false arrest, and police brutality. (Second Amd. Pet. at 3.)

Because Petitioner is not yet convicted, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).  Thus, dismissal at this juncture, does not prevent Petitioner from returning to federal court in the future.

RECOMMENDATION

---

[1] The Court takes judicial notice of the fact that Petitioner has filed another action in this Court, which was assigned to the undersigned, in which Petitioner indicates that he is awaiting trial in the Kern County Superior Court and that the trial court erred in resolving a conflict with his trial counsel. He further contends that he has been denied medical treatment at the pretrial detention facility. See Moody Woodrow Tanksley v. Bakersfield Lerdo Pretrial Sheriff Department, CV-F-06-0376 OWW SMS HC. A Court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition be dismissed, without prejudice; and

2. The Clerk of Court be directed to enter judgment; thus, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 28, 2006**              /s/ Sandra M. Snyder
icido3                            UNITED STATES MAGISTRATE JUDGE

3